### VINCENT FERDICO v. FRANCES FERDICO

24 So. (2nd) 578    January Term, 1946
January 29, 1946    Division A

George *Schwartz,* for appellant.

BUFORD, J.:

The appeal here brings for review a final decree dismissing with prejudice a suit for divorce instituted by a husband who had resided in Florida for a period of 94 days before filing the bill. The divorce was prayed on grounds of extreme cruelty and violent and ungovernable temper.

The Master appointed to take testimony and report his findings, reported the evidence taken, his findings thereon and recommended that a divorce be granted the plaintiff on the ground that "defendant is guilty of extreme cruelty toward the plaintiff."

We think the testimony amply justifies the findings and recommendation.

The learned Chancellor did not find that plaintiff's allegations had not been proved but he appears to have gathered some deductions from the testimony as reported, for which we fail to find substantial support. He concludes his findings thus:

"Plaintiff's chief complaint is that his wife, on one or two occasions in years gone by, tossed a few small articles of household furniture in his general direction, and when particularly incensed and angry at some vexatious conduct of plaintiff's would throw caution and convention to the winds and call him a certain opprobrious four-word name, which though often heard in some quarters is seldom heard or uttered by gentle folk of this age.

"Considering that for forty years the defendant wife has constantly contributed either babies or wage earnings to the marriage enterprise, it is felt that she was entitled to express herself with reasonable freedom and to a certain extent when engaged in argument with plaintiff husband over some aggravating conduct on his part.

"The leaving of the three children and wife without providing for their shelter or food or clothing or contributing

thereto in any respect leads the court to the conclusion that although the wife's scornful and indecorous designation of plaintiff by the unmentionable four-word appellation is strongly disapproved, the court, never-the-less, entertains a certain tolerant and sympathetic understanding of the opinion and views which the defendant sought to express on such occasions.

"Any man who would engage the life services of a woman in faithful and consistent child bearing or manual wage earning labor for forty years and then leave her for slight cause to shift for herself and their three minor children as best she could without his assistance or offer thereof, must indeed entertain a completely erroneous conception and distorted understanding of the word justice.

"A court of equity is a court of conscience; he who comes into equity must come with clean hands; he who seeks equity must offer to do equity. These are a few of the time-honored maxims under which this court functions as an equity court. It is easily seen that application of either of these axioms defeats plaintiff's suit.

"It would become the plaintiff to remember his age and his family obligations and go on back home. Accordingly, it is

"ORDERED AND ADJUDGED that the bill of complaint and this cause be and the same are hereby dismissed with prejudice."

We agree with the maxims that "a court of equity is a court of conscience; he who comes into equity must come with clean hands; he who seeks equity must offer to do equity."

The record before us is void of any testimony showing any neglect or improper conduct on the part of plaintiff toward defendant until October prior to the filing of the suit when defendant threw plaintiff's clothes out of the place which they occupied and told plaintiff to get out, saying "I don't want you here"; at the same time she threw a fruit bowl at him. The record shows that defendant for a long time prior to this last affair had almost daily in a loud and angry voice called the plaintiff a bastard, a son-of-a-bitch and

a bum, and often threatened his life, and all without any provocation so far as the record shows.

We must hold that it was reversible error to dismiss the suit. The divorce should have been granted with an order requiring plaintiff to contribute as far as his ability will permit (to be determined by the Chancellor) to the support of his minor children.

Accordingly, the decree is reversed with directions that a decree be entered not inconsistent with the views here expressed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.